UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ADE BROWN, # 884273, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-cv-369 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| UNKNOWN GREENFIELD, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Ionia Correctional Facility.

The defendants are Sergeant Unknown Greenfield, Lieutenant Unknown Ryske, Corrections Officer Unknown Phelps, Lieutenant D. Howard, Assistant Deputy Warden B. Snyder, Sergeant Unknown Derochers, Lieutenant Unknown Zwiker, Corrections Officer Unknown Obgurn, Corrections Officer Unknown Hicks, Prison Counselor Unknown Thurlby, Corrections Officer Unknown Mygrants, and Corrections Officer Unknown Eyers.[1]

---

[1] Plaintiff also named Registered Nurse Unknown Lake and Corrections Officers Unknown Schafer and Unknown Sparry as defendants. These defendants have never been served with process or otherwise appeared in this lawsuit.

Plaintiff alleges that, on the morning of April 11, 2017, he disobeyed two direct orders by Officer Mygrants, but he eventually allowed himself to be placed in restraints.  Plaintiff states that he believes that Officer Eyers was the corrections officer who used excessive force in violation of his Eighth Amendment rights by hitting his head and applying restraints too tightly.  Plaintiff alleges that Sergeant Greenfield, Lieutenant Ryske, Officers Mygrants, Phelps, Sparry, and Schafer, and Counselor Thurlby failed to intervene in violation of his Eighth Amendment rights.

Plaintiff alleges that Registered Nurse Lake, Officers Phelps, Mygrants, Sparry, Schafer, Obgurn, Hicks, and Eyers, Counselor Thurlby, Lieutenants Howard, Ryske, and Zwicker, Sergeants Greenfield and Derochers, and Assistant Deputy Warden Snyder violated his Eighth Amendment rights by allowing him to remain in restraints.

The matter is before the Court on a motion for summary judgment by all defendants, except unserved defendants Lake, Schafer, and Sparry, based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).[2]  (ECF No. 52).  Plaintiff opposes the motion.  (ECF No. 55).  Defendants did not file a reply brief.  For the reasons set forth herein, I recommend that the Court dismiss all plaintiff's claims against defendants Lake, Schafer, and Sparry without prejudice for failure to achieve service.  I further recommend that the

---

[2] Although Corrections Officer Unknown Walker is listed as a moving defendant, he is no longer a defendant.  Plaintiff voluntarily dismissed all his claims against Officer Walker because he "had nothing to do with this incident."  (1/2/19 Order, 2, ECF No. 48, PageID.465).

Court deny defendants' motion for summary judgment.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting

11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate

exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.³ In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

---

³A copy of the policy directive is found in the record. *See* ECF No. 40-4, PageID.410-16.

## Relevant Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) during the period at issue.[4] (2nd Am. Compl., 1, ECF No. 49, PageID.470).

Plaintiff filed a number of grievances, and he pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 40-2, PageID.283-397). None of the grievances warrant discussion because they do not correspond to plaintiff's claims against defendants.

An inmate on modified access submits requests for grievance forms to the grievance coordinator, who reviews the request to determine whether it complies with institutional rules regarding the filing of grievances.[5] Plaintiff states that, on April 23, 2017, the grievance coordinator sent him a grievance form because he "had to get them from her." (2nd Am. Compl., PageID.476). Plaintiff also filed a series of kites (informal complaints) requesting grievance forms. (ECF No. 44-1, PageID.429-43). For example, on April 19, 2017, he asked ICF's grievance coordinator for a grievance form to complain about being subjected to excessive force and being held in

---

[4] Plaintiff's Second Amended Complaint is verified under penalty of perjury and is considered as his affidavit in opposition to defendants' motion for partial summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). The verification at the end of plaintiff's brief (Plf. Brief, ECF No. 55, PageID.527) did not convert it into an affidavit. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence.").

[5] Responses to plaintiff's grievances indicate that he was on modified access to the grievance system from June 7, 2017, through August 31, 2017. (ECF No. 40-2, PageID.387, 392, 397).

chains on April 11, 2017. (*Id.* at PageID.429). Plaintiff states that the grievance coordinator "never gave [him] a response, or a step 2 or 3 appeal form." (*Id.*).

On April 11, 2017, Corrections Officer Mygrants filed the following Class I misconduct charge against plaintiff for disobeying a direct order and threatening behavior:

> I gave prisoner Brown #884273 a direct order to stop climbing on the yard module. Prisoner Brown replied, "F___ you bitch. I will sue your ass." Prisoner Brown stated: "Come near this cage and I will spit on your bitch ass." I believe if given the opportunity, prisoner Brown would attempt to carry out this threat.

(ECF No. 40-3, PageID.401). On April 28, 2017, a hearing officer found plaintiff guilty of the Class I misconduct charge and sentenced plaintiff to ten days' detention and thirty days' loss of privileges. (*Id.* at PageID.339).

On April 2, 2018, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

### I.  Summary Judgment Motion

"[A]n inmate [must] exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)).

Plaintiff argues that he exhausted his available administrative remedies because he was on modified access to the grievance process and the grievance coordinator's actions rendered the process unavailable.[6] (Plf. Brief, ECF No. 55).

---

[6] All parties are warned that Rule 10(c) of the Federal Rules of Civil Procedure is not a vehicle for incorporating arguments from or exhibits attached to earlier briefs. Rule

Defendants respond that "if [plaintiff] was on modified access to the grievance process as is indicated by the grievance reports filed at-or around this time," it does not excuse his failure to exhaust because "placement on modified access does not render the grievance process unavailable[.]"  (Def. Brief, 9-10, ECF No. 53, PageID.494-95) (citing *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *3 (6th Cir. Nov. 9, 2017)).  In *Alexander*, the Sixth Circuit noted that the mere fact of being placed on modified access "did not prohibit Alexander from utilizing the grievance process . . . . [as] [h]e was still permitted to submit grievances to the grievance coordinator, who would have (or should have) reviewed the grievance to determine whether it complied with the applicable policies." 2017 WL 7050641 at *3.  But the court also noted that "[i]f a prisoner is improperly denied access to the grievance process, the process is rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action." *Id.* (citing *Walker v. Mich. Dep't of Corr.*, 128 F. App'x. 441, 446-47 (6th Cir. 2005)).

Here, plaintiff contends that he requested grievance forms and that his requests went unanswered.  At the very least, that creates a dispute of material fact as to whether plaintiff was denied access to the grievance process.

Defendants also assert that plaintiff failed to exhaust his available administrative remedies on the claims appearing in his Second Amended Complaint

---

10(c) states: "A statement in a *pleading* may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a *pleading* is a part of the pleading for all purposes." FED. R. CIV. P. 10(c) (emphasis added).  Briefs are not pleadings.  *See* FED. R. CIV. P. 7(a).

because he did not present those issues to the hearing officer in his defense to the Class I misconduct charge for disobeying a direct order and threatening behavior. (Def. Brief, 7, 9, PageID.492, 494; *see also* ECF No. 40, PageID.273, 278; ECF No. 40-4, PageID.410-11; ECF No. 45, PageID.449).  I find that this argument is waived because it is perfunctory, and defendants cite no supporting legal authority. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelley*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

Even assuming that the argument is not waived, it is meritless.  Plaintiff was charged with and convicted of threatening to spit on Officer Mygrants and disobeying his direct order to stop climbing on the yard module.  There is no evidence that anyone issued a Class I misconduct charge against plaintiff on April 11, 2017, for resisting when officers applied restraints.  Defendants have not demonstrated that plaintiff's claims "relate[] to the issuance of major misconduct reports" such that plaintiff was required to "raise the issue[s] in the misconduct hearing." *Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018) (citing *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011)).

In conclusion, I find that the moving defendants have not carried their burden on the affirmative defense that plaintiff failed to exhaust his available administrative remedies.

## II.     Lack of Service of Process

All plaintiff's claims against defendants Lake, Schafer, and Sparry should be dismissed for failure to achieve service of process. On January 2, 2019, the Court ordered that on or before January 16, 2019, plaintiff must provide the Court, with three copies of his Second Amended Complaint for service on defendants Lake, Schafer, and Sparry. (1/2/19 Order, 4-5, ECF No. 48, PageID.467-68). Plaintiff never complied with the Court's order. Accordingly, I recommend that all plaintiff's claims against defendants Lake, Schafer, and Sparry be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x. 386, 393-94 (6th Cir. 2008).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court dismiss all plaintiff's claims against defendants Lake, Schafer, and Sparry without prejudice for failure to achieve service. I further recommend that the Court deny defendants' motion for summary judgment (ECF No. 52).

Dated:   September 1, 2019          /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).