UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADE BROWN, #884273, )
         Plaintiff, )
) No. 1:18-cv-369
-v- )
) Honorable Paul L. Maloney
UNKNOWN GREENFIELD, *et al.,* )
         Defendants. )
)

# ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ade Brown alleges violations of his civil rights arising from an incident at the Ionia Correctional Facility. The controlling pleading is Plaintiff's second amended complaint. (ECF No. 49.) Three defendants (Lake, Shafer and Sparry) have not been served. The other defendants filed a motion for summary judgment based on the failure to exhaust administrative remedies. (ECF No. 52.) The magistrate judge issued a report recommending the motion for summary judgment be denied and that the three unserved defendants be dismissed without prejudice. (ECF No. 58.) Defendants did not file any objections. Plaintiff objects to the portion of the R&R recommending the unserved defendants be dismissed. (ECF No. 59.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge recommends dismissing the three defendants because Plaintiff failed to comply with a court order. On January 2, 2019, the magistrate judge granted Plaintiff's motion for leave to file the second amended complaint and ordered Plaintiff to provide *three* copies of the second amended complaint within fourteen days. (ECF No. 48.) Plaintiff needed to provide three copies because the second amended complaint named three new defendants: Lake, Shafer and Sparry. The other defendants had already been served and would automatically receive notice and copies of all electronically docketed documents. The three copies would be served on the three new defendants by the US Marshal.

Plaintiff insists he complied with the Court's Order and mailed 15 copies of the second amended complaint. Plaintiff's objection is overruled. Plaintiff has not supported his assertion with any evidence. He provided no proof that he mailed any copies to the Court or the Clerk. The electronic docket does not show that the Court or Clerk received the three copies Plaintiff was ordered to provide. Plaintiff repeatedly points to the docket entry for his second amended complaint, ECF No. 49, as evidence that he complied with the Order and sent copies. The docket entry does not prove Plaintiff sent any copies. Plaintiff attached his proposed second amended complaint (ECF No. 36-2) as an exhibit to his motion asking leave to amend the complaint. The document associated with docket entry 49 is the same document Plaintiff sent to the Court as his exhibit, complete with the envelope he used to mail the motion and exhibit, which bears a US Postal date stamp of July 6, 2018.

(PageID.478.) As required by the Court's January 2 Order, the Clerk docketed the second amended complaint using the exhibit to Plaintiff's motion.

Finally, Plaintiff has not shown good cause for an extension of time under Rule 4(m) of the Federal Rules of Civil Procedure. The inadvertent failure by Plaintiff to follow the Order requiring him to provide copies of the second amended complaint does not constitute good cause for an extension of time to serve a summons and complaint. *See Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)); *Wise v. Dep't of Defense*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (citing same).

For these reasons, the Report and Recommendation (ECF No. 58) is **ADOPTED** as the Opinion of this Court. Defendants Lake, Schafer and Sparry are **DISMISSED WITHOUT PREJUDICE.** Defendants' motion for summary judgment (ECF No. 52) is **DENIED. IT IS SO ORDERED.**

Date: October 16, 2019              /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge