UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADE BROWN, #884273, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-369 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNKNOWN GREENFIELD, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ade Brown, a prisoner under the control of the Michigan Department of Corrections, alleges Defendants violated his civil rights. Defendants filed a motion to dismiss (ECF No. 102) and a motion for summary judgment (ECF No. 107). The magistrate judge issued a report and recommendation. (ECF No. 114.) Defendants filed objections. (ECF No. 115.) Plaintiff filed a response to the objections. (ECF No. 116.)

### A.  Standard of Review

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### A. Motion to Dismiss

Defendants request the Court dismiss the claims against Defendant Thurlby because he passed away. The magistrate judge recommends denying the motion. Defendants do not object to this recommendation.

### B. Motion for Summary Judgment

The magistrate judge recommends the Court grant the motion for summary judgment in part and dismiss all of the claims except for the Eighth Amendment conditions of confinement claim arising after Plaintiff was returned to his cell. Defendants assert three objections.

#### 1. Extrinsic Evidence

Defendants argue the magistrate judge overlooked evidence other than the affidavits. Defendants contend this other evidence demonstrates a lack of any genuine issue of material fact. Defendants' objection is overruled. After reading Defendants' objection, the Court is left wondering exactly how the documents demonstrate a lack of genuine issue of material fact relevant to the remaining claim. Defendants' objection does not specifically connect any of the documents to one of the proposed findings of fact in the report and recommendation. Defendants identify these as "numerous misconduct tickets," "housing unit logbooks," and "medical records." (ECF No. 115 Obj. PageID.1029.) These documents were prepared by Defendants and contain the same statements made by Defendants in their affidavits. Plaintiff submitted evidence disputing those statements. That the documents were created prior to the lawsuit may make the statements contained within them more credible. The documents,

however, are not the equivalent of the video recording which prompted the holding in *Scott v. Harris.*

### 2. Conflicting Statements by Plaintiff

Defendants insist that Plaintiff's inconsistent statements require dismissal of his claims. Defendants' objection is overruled. Again, after reading Defendants' objection, the Court is left wondering which inconsistent statements demonstrate a lack of genuine issue of material fact *relevant to the remaining claim.* In their motion, Defendants identify inconsistencies concerning the presence of a nurse after Plaintiff was returned to his cell. (ECF No. 108 Def. Br. PageID.770.) Whether a nurse visited or did not visit Plaintiff after he was returned to his cell does not definitively resolve the remaining Eighth Amendment claim. Defendants also point to discrepancies in Plaintiff's statements concerning the precise nature of the restraints (fetal or something else). (*Id.* PageID.772.) Whether the restraints kept Plaintiff in a fetal pose or in some other uncomfortable position does not definitively resolve the remaining claim. The other allegedly inconsistent statements are similarly less than dispositive: (1) duration of the restraints, (2) extent and duration of the injury to his wrists, and (3) when he saw a nurse following the incident.

### 3. Personal Involvement by Each Defendant

Defendants contend the magistrate judge erred because Plaintiff did not set forth specific facts establishing the personal involvement for each defendant. Defendants' objection is overruled. The magistrate judge summarized the facts on which the remaining claim arises for each defendant. (R&R PageID.1021-22.)

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 114) as its Opinion.  Defendants' motion to dismiss (ECF No. 102) is **DENIED.**  Defendants' motion for summary judgment (ECF No. 107) is **GRANTED IN PART and DENIED IN PART.  IT IS SO ORDERED.**

Date:  August 7, 2020           /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge